**BRONFMAN, Clare**
Register Number: 91010-053
Administrative Remedy No. 1073720-F1

---

Part B - Response

This is in response to your request for administrative remedy received in this office on March 23, 2021. You contend the Court recommended you be designated to the minimum security camp at FCI Danbury. You request your designation be changed to the camp at FCI Danbury.

A review of your case reveals you are serving a 81-month sentence for Alien Smuggle/Import; Conspiracy to Conceal and Harbor Aliens for Financial Gain; and Fraudulent Use of Identification. Records reveal a Public Safety Factor (PSF) was placed on you by the Designation and Sentence Computation Center upon initial classification.

According to Program Statement 5100.08, <u>Inmate Security and Custody Classification</u>, Chapter 5, "A male or female inmate whose behavior in the current term of confinement or prior history includes one or more of the following elements will be housed in at least a Low security level institution, unless the PSF has been waived. A conviction is not required for application of this PSF if the Presentence Investigation Report (PSR), or other official documentation, clearly indicates the following behavior occurred in the current term of confinement or prior criminal history." The Program Statement further states, "Based on the documented behavior, application of this PSF should be entered: Any sexual act or contact not identified above that is aggressive in nature (e.g., rape by instrument, encouraging use of a minor for prostitution purpose, incest, etc.). Examples may be documented by State or Bureau of Prisons' incident reports, clear NCIC entries, or other official documentation."

Per the Revised Presentence Investigation Report, Docket No. 0207 1:18CR204-(S-3)001(NGG), prepared on October 6, 2020, by the Eastern District of New York, you participated in efforts to recruit and secure immigration status for non-citizens so they could work in one or more Nxivm-affiliated organizations or to become sexual partners for a co-defendant. Among the individuals that you assisted in entering or remaining in the United States were three sisters: Jane Does 2, 3, and 4. As background, Jane Does 2, 3, and 4 are Mexican nationals who were brought to the United States when they were young (Jane Doe 2 was approximately 14; Jane Doe 3 was approximately 20; and Jane Doe 4 was approximately 16) in order to study the Nxivm curriculum. A co-defendant initiated sexual relationships with all three sisters.

Therefore, per the above stated policy you are designated to a facility commensurate with your security level.

Accordingly, your request is denied. If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, U.S. Custom House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, PA 19106, within 20 calendar days of the date of this response.

_____     4/1/2021
Kevin D. Pistro, Psy. D., Warden     Date

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Bronfman, Clare, W.__ __91010-053__ __3S__ __FDC Philadelphia__
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A– INMATE REQUEST**

Please see attached supplemental page.

__03.01.2021__
DATE                                           SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RECEIVED
MAR 23 2021
FDC PHILA.
LEGAL OFFICE

_____                              _____
DATE                                                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                     CASE NUMBER: __1073720-F1__

                                                   CASE NUMBER: _____

**Part C– RECEIPT**

I appeal the denial of my Informal Request for Resolution dated March 12, 2021 (attached) wherein I requested the Public Safety Factor ("PSF") applied to my security level classification be waived.

I am not in receipt of my BP337 – Inmate Load and Security Designation Form. I learned via an informal resolution request that the Bureau of Prisons ("BOP") Designation and Sentence Computation Center ("DSCC") applied a PSF of Sex Offender to my case despite a security point total calling for a *minimum*-security designation. I also learned that this erroneous designation was based on my Presentence Investigation Report ("PSR") that conflated my criminal conduct with that of my co-defendants. I was not charged with any sex-related offenses nor did I plead guilty to any sex-related offenses. Consequently, I was given designation to FCI Tallahassee *Low* instead of a camp. This designation was subsequently modified to FDC Philadelphia. The BOP's decision is in error, and I hereby request that the PSF applied to my case be waived.

I pled guilty to one count of conspiracy to conceal and harbor an alien for financial gain[1] and one count of fraudulent use of identification.[2] Neither of these crimes is a sex-related offense. My PSR discusses the criminal conduct of my co-defendants, including the widely publicized case against Keith Raniere, and "DOS," which the government alleged to be a sex cult. My co-defendants were convicted of sex trafficking, human trafficking, abuse of minors, and branding victims. Importantly, I was only charged with two non-sex-related offenses and entered into a plea agreement to plead guilty to these offenses alone. I was never accused of sex trafficking, human trafficking, abuse of minors, or branding victims. The Court and government permitted my plea agreement because they recognized that my conduct was wholly unrelated to any human or sex trafficking activity. In fact, U.S. District Judge Nicholas G. Garaufis readily acknowledged that I was not involved in any sex-related offenses in his sentencing memorandum:[3]

> Following a six-week jury trial over which I presided, Raniere was convicted of racketeering, racketeering conspiracy, wire fraud conspiracy, forced labor conspiracy, sex trafficking conspiracy, and two counts of sex trafficking.
>
> **To be crystal clear, Ms. Bronfman was not convicted of any of those crimes**. Ms. Bronfman was not convicted of participating in any racketeering activity. And there are many aspects of Raniere's crimes with which Ms. Bronfman very well may not have been familiar. Ms. Bronfman vigorously disputes the proposition that she was aware of either DOS or any sex trafficking that Raniere engaged in, and she vigorously disputes the proposition that she knowingly funded DOS or sex trafficking activity. **I agree with Ms. Bronfman that the available evidence does not establish that she was aware of DOS prior to June 2017 or that she directly or knowingly funded DOS or other sex trafficking activities.**

J. Garaufis Sentencing Memo at 6-7 (emphasis added). Furthermore, Judge Garaufis noted: "I do not find that Ms. Bronfman knowingly funded a sex cult." *Id.* at 16. Judge Garaufis' sentencing memorandum makes clear that I did not fund nor was I involved in any of the sex trafficking activities attributed to the co-defendants in my case. My involvement is limited to the two counts to which I pleaded guilty. Judge Garaufis also specifically recommended that I be housed at a *minimum*-security facility for this reason.

I understand BOP Program Statement 5100.08, specifically Chapter 5, Section F, provides six clear examples of sexual misconduct or offending:

> 1) Engaging in sexual contact with another without obtaining permission to do so;
> 2) Possession, distribution or mailing of child pornography;
> 3) Any sexual contact with a minor;
> 4) Any sexual act or contact not identified above that is aggressive or abusive in nature (e.g., rape by instrument, encouraging use of a minor for prostitution purposes, incest, etc.)
> 5) Attempts are to be treated as if the sexual act or contact was completed; and/or
> 6) Any offense referenced in the Sex Offender Notification and Registration Program Statement.

Federal Bureau of Prisons, Program Statement Number 5100.08, CN-1, Inmate Security Designation and Custody Classification (Sept. 4, 2019), https://www.bop.gov/PublicInfo/execute/policysearch?todo=query#.

I have never engaged in any of this conduct. My PSR and the court record do not suggest otherwise. Judge Garaufis clearly found that I have not been involved in any sex offense related conduct. Again, I pled guilty to non sex-related offenses and, as such, I am not required to register as a sex offender.

For the reasons stated herein, the DSCC should respectfully waive the PSF that has been erroneously applied to my case. Thank you.

---

[1] 18 U.S.C. § 1324(a)(1)(A)(iii).
[2] 18 U.S.C. §§ 1028(a)(7), 1028(b)(1)(D), and 1028(c)(3)(A).
[3] Copy enclosed of *Sentencing Memorandum* filed September 30, 2020 (Doc. No. 936).

**BRONFMAN, Claire**
Register Number: 91010-053
Informal Resolution

Response

This is in response to your informal resolution attempt you submitted for an incident that occurred on 3/2/21. During this attempt at informal resolution you ask for the Public Safety Factor (PSF) of Sex Offender be removed and you be placed at a camp. Specifically, you claim the judge to did not find you guilty of any sex offense.

You were found guilty of Alien Smuggle/Import; Conspiracy to Conceal and Harbor Aliens For Financial Gain; and Fraudulent Use of Identification, on docket CR 18-0204 in the Eastern District of New York. Due to the charge of conspiracy and overall characteristics of the offense the Designation and Computation Center in Grand Prairie, Texas, deemed it appropriate to apply this PSF as the conspiracy relates directly to a sexual nature.

If this response is not sufficient feel free to continue with the Administrative Remedy process and file a BP9 for the Wardens response. Ensure you attach a copy of this response to your initial informal resolution attempt and the BP9.

_____                           3/12/21
c. Cole, Unit Manager                             Date

FDC PHILADELPHIA, PENNSYLVANIA
INFORMAL RESOLUTION ATTEMPT

Instructions: Complete and attach this document to each BP-9 when informal resolution is unsuccessful. The submission will not be accepted without this form.

Date(s) Informal Resolution Attempted: 3-2-21

Inmate Name: Brontman   Reg. No.: 91010-053   Unit: 35

Date the incident complained of occurred: _____

If appealing UDC action, attach a copy of the Incident Report.

I attempted informal resolution of this inmate's complaint concerning:
(If the inmate refused any attempt at informal resolution, please indicate here)
Inmate Brontman complaint is that she feels she belongs at a Camp.

The inmate and I discussed the following aspects of the complaint that he/she felt were of major concern:
Inmate Brontman major concern is that her PSF should be removed & does not think is should be applied to her

I suggested the following course(s) of action or alternatives to the inmate:
I suggested to speak with Unit Manager Cole

The inmate's response was:
Brontman understands

Unit Manager's Comments: SEE ATTACHED.

Name and Title of Department Head contacted: Team Hotel PSCC

Informal resolution was/was not (circle one) accomplished.

_____   3/2/21
Correctional Counselor     Date

_____   3/17/21
Unit Manager              Date

Clare Bronfman, Reg. No. 91010-053          BP-8 – Informal Resolution

I was designated to FCI Tallahassee *Low* instead of a *minimum*-security camp despite the sentencing Court's specific recommendation to designate me to the *minimum*-security camp facility at FCI Danbury.

I respectfully request that my designation be changed so *minimum*-security camp facility at FCI Danbury in accordance with the Court's judicial recommendation in the *Judgment in Criminal Case* filed October 7, 2020 (Document No. 946) by the Honorable Nicholas G. Garaufis, U.S.D.J. in the Eastern of New York at page 2.