BRONFMAN, Clare
Reg. No. 91010-053
Appeal No. 1073720-R2
Page One

### Part B - Response

You appeal the decision of the Warden of FDC Philadelphia regarding your Custody Classification form (BP-338). Specifically, you claim you are inappropriately classified with the Public Safety Factor (PSF) of Sex Offender and request the PSF to be waived. You also request to be transferred to a minimum security facility.

Program Statement 5100.08, Security Designation and Custody Classification Manual, permits staff to use professional judgement within specific guidelines in making classification decisions. A female inmate whose behavior in the current term or prior history includes one or more of the following elements will be housed in at least a Low security level institution, unless the PSF has been waived. A conviction is not required for application of the PSF if the Presentence Investigation Report (PSR), or other official documentation, clearly indicate the behavior occurred in the current term of confinement or prior criminal history. Element 4 is defined as any sexual act or contact not identified above that is aggressive or abusive in nature.

A review of your appeal reveals the Warden adequately addressed your complaint. Your behavior during the offense was appropriately taken into account in accordance with BOP policy. Specifically, you participated in efforts to recruit and secure immigration status for non-citizens, some of whom were minors, so they could become sexual partners for a co-defendant. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: August 16, 2021

N. C. ENGLISH
Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **BRONFMAN, CLARE, W.**    91010-053    3S    FDC PHILADELPHIA
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

See attached appeal argument.

APRIL 15, 2021
DATE

[signature]
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____    _____
DATE    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN    PRINTED ON RECYCLED PAPER    BP-230(13)
JUNE 2002

<u>**Regional Administrative Appeal**</u>
**Clare Bronfman: Reg. No. 91010-053, 1073720-F1**

I appeal the denial of my BP-10 dated April 1, 2021 (attached) in which I requested that the Public Safety Factor ("PSF") applied to my security level classification be waived. Through a Freedom of Information Act ("FOIA") request, I received a copy of my most recent Inmate Load and Security Designation form. The form indicates that I have erroneously received a PSF of "greatest severity offense." *I do not qualify for this PSF*, or any other PSF. To be clear, I pled guilty to one count of conspiracy to conceal and harbor an alien for financial gain[1] and one count of fraudulent use of identification.[2] Neither of these crimes is a sex-related offense nor do these crimes qualify as a "greatest severity offense." Accordingly, I qualify for a minimum security designation. Judge Garaufis specifically recommended that I be housed at a *minimum*-security facility for this reason.

<u>I did not plead guilty to a greatest severity offense.</u> The crimes to which I pled guilty are not even listed as "high severity" crimes in Appendix A of the Inmate Security Designation and Custody Classification. *I simply do not qualify for this PSF to be applied.* Even if one were to consider the immigration offense to which I pleaded guilty: (1) Immigration offenses involving the transportation of unlawful aliens are specifically designated as only "moderate severity" offenses in Appendix A; and (2) I did not plead guilty to an immigration offense involving the transportation of unlawful aliens. I pled guilty to one count of conspiracy to conceal and harbor an alien for financial gain pursuant to 18 U.S.C. § 1324(a)(1)(A)(iii), which does not involve the transportation of unlawful aliens. According to Appendix A of the Inmate Security Designation and Custody Classification, my plea qualifies as "low-moderate severity" offense. (To the extent is it relevant, the Probation report sought an enhancement for harboring five or more illegal aliens, but the Court, recognizing that my conduct related only to one illegal alien – who had nothing to do with DOS – declined to give that sentencing enhancement, and the government agreed.). There is absolutely no basis for this PSF to be applied to me.

<u>I did not plead guilty to a sex-related offense.</u> In denying my earlier appeal, Warden Pistro incorrectly refers to the definition of sex crimes that trigger the application of a PSF. Perhaps this is the basis of the PSF. However, I have never committed any sex offense and my conduct does not qualify for the sex offender PSF either. My co-defendants were convicted of sex trafficking, human trafficking, abuse of minors, and branding victims. Importantly, I was only charged with two non sex-related offenses and entered into a plea agreement to plead guilty to these offenses alone. The court and government permitted my plea agreement because they recognized that my conduct was wholly unrelated to any human or sex trafficking activity. In fact, Judge Garaufis readily acknowledged that I was not involved in any sex-related offenses in his sentencing memorandum:

> Following a six-week jury trial over which I presided, Raniere was convicted of racketeering, racketeering conspiracy, wire fraud conspiracy, forced labor conspiracy, sex trafficking conspiracy, and two counts of sex trafficking. **To be crystal clear, Ms. Bronfman was not convicted of any of those crimes**. Ms. Bronfman was not convicted of participating in any racketeering activity. And there are many aspects of Raniere's crimes with which Ms. Bronfman very well may not have been familiar. Ms. Bronfman vigorously disputes the proposition that she was aware of either DOS or any sex trafficking that Raniere engaged in, and she vigorously disputes the proposition that she knowingly funded DOS or sex trafficking activity. **I agree with Ms. Bronfman that the available evidence does not establish that she was aware of DOS prior to June 2017 or that she directly or knowingly funded DOS or other sex trafficking activities**.

Garaufis Sentencing Memo at 6-7 (emphasis added). Furthermore, Judge Garaufis noted: "I do not find that Ms. Bronfman knowingly funded a sex cult." *Id.* at 16. Judge Garaufis' sentencing memorandum makes clear that I did not fund nor was I involved in any of the sex trafficking activities attributed to the co-defendants in my case.

Please have the DSCC waive the PSF that has been inappropriately applied in my case. Thank you.

---

[1] 18 U.S.C. § 1324(a)(1)(A)(iii).
[2] 18 U.S.C. §§ 1028(a)(7), 1028(b)(1)(D), and 1028(c)(3)(A).

```
                REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 17, 2021


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : CLARE BRONFMAN, 91010-053
      PHILADELPHIA FDC    UNT: 3 S CADRE    QTR: C04-337L
      P.O. BOX 572
      PHILADELPHIA,  PA 19106


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1073720-R1     REGIONAL APPEAL
DATE RECEIVED   : APRIL 16, 2021
SUBJECT 1       : PUBLIC SAFETY FACTOR APPEALS
SUBJECT 2       : TRANSFER - OTHER
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR  A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.
```



U.S. Department of Justice
Federal Bureau of Prisons
Federal Detention Center
P.O. Box 572
Philadelphia, PA 19105

April 6, 2021

MEMORANDUM FOR DARRIN HOWARD, REGIONAL COUNSEL

FROM:        C. Cole, Unit Manager

SUBJECT:     BRONFMAN, Clare
             Reg. No. 91010-053

             1073720-F1

Inmate Clare Bronfman, Register Number 91010-053, had a decision rendered for remedy 1073720-F1 on April 1, 2021. Per policy inmate Bronfman had 20 days to file her appeal of the decision rendered from this date. Due to unknown reasons the internal mail was delayed and inmate Bronfman did not receive her response until April 6, 2021 when provided to her by Unit Team

Please consider extending the filing deadline for inmate Bronfman based off of not receiving her response in a timely manner.