Administrative Remedy No. 1073720-A3
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal wherein you request the waiver of your Public Safety Factor (PSF) of Sex Offender and transfer to a camp.

We have reviewed documentation relevant to your appeal and, based on the information gathered, concur with the manner in which the Warden and Regional Director addressed your concerns at the time of your Request for Administrative Remedy and subsequent appeal.  Our review of this matter reveals your PSF was adequately applied in accordance with Program Statement 5100.08, <u>Inmate Security Designation and Custody Classification</u>. You provide no new information that had not been considered at the lower levels that would compel us to reverse those decisions.

Accordingly, you appeal is denied.

_____1/18/22_____                    _____
Date                                      Ian Connors, Administrator
                                          National Inmate Appeals

## Central Office Appeal
### Clare Bronfman: Reg. No. 91010-053, Appeal thread 1073720-F1

I appeal the denial of my Regional Appeal (BP-10) dated August 16, 2021 (attached). This denial, as well as the Warden's denial (attached) before it, are evidently based on a demonstrably false claim that I participated in efforts to "recruit" non-citizens into the country, including a "minor," to become sexual partners with my co-defendant, Keith Raniere. This claim is based on a summative statement in the PSR that continues to be misread, is inconsistent with the trial testimony at Mr. Raniere's trial, and which the presiding judge found to be not accurate. In order to comply with the page limit of this submission, I incorporate by reference my previous filings in this matter. Specifically, below I address the principal allegation that I assisted Jane Does 2, 3, and 4 – all sisters from Mexico – into the country, when Jane Doe 2 was 14, Jane Doe 3 was 20, and Jane Doe 4 was 16, for the purpose of engaging in sexual relations with my co-defendant.

**Jane Doe 2** – The trial transcript shows very clearly that I did not recruit Jane Doe 2 into the country, and I had no knowledge of any sexual relationship with Jane Doe 2 and my co-defendant. The transcript reveals that Jane Doe 2's living arrangement was kept a secret in the NXIVM community and not even the most senior NXIVM people knew anything about it. Furthermore, I did not know about any naked pictures for anyone, let alone a minor. The trial transcript from Mr. Raniere's trial, including testimony by Nancy Salzman, shows that my codefendant ordered everyone with knowledge to keep the existence of what the PSR calls a "sex cult" (i.e., "DOS") and any pictures a secret from me.

**Jane Doe 3** – Jane Doe 3 and I joined NXIVM at about the same time in 2003. She was 20; I was 24. I did not know anything about Jane Doe's 3's immigration status when she first entered the country. At the time, I was a horse show jumper, living in Europe and Florida and competing around the world. The confusion lies in that I did help with her immigration, but **in 2016** – more than a decade after Jane Doe 3 entered the country, by hiring an attorney. By this time, Jane Doe 3 was the primary care taker for a dying friend. Both Jane Doe 3 and the friend lived with my co-defendant. My plea to the immigration offense and conviction arose out of these facts – my efforts to help Jane Doe 3 get back into the country to care for our mutual friend. I had no role, whatsoever, in her initial entry into the country or her relationship with my co-defendant.

**Jane Doe 4** – Jane Doe 4 and I joined NXIVM about the same time; I could not have "recruited" her. Jane Doe 4 herself testified at the co-defendant's trial that I did not know anything about her or her sisters' (Jane Does 2 & 3) immigration status and that I did not assist them getting into the country. Significantly, no other witness in the entire trial testified contrary to this.

Both Jane Doe 4's testimony and Lauren Salzman's testimony provided detailed accounts of how the sisters were brought into the country, and there was not one – not a single – mention of me. Instead, the trial testimony detailed how the sisters' parents and others arranged for their entry into the U.S., mostly before I joined NXIVM and certainly without my knowledge or participation.

Accordingly, the record is clear that I did not "recruit" anyone into the country, let alone recruit them, or anyone else, for sex with my co-defendant. While, years later, I assisted my friends in resolving their immigration issues by hiring a lawyer, this was long after they had been in the country. I knew nothing about the recruit-for-sex-related allegations of my co-defendant until I read it in the newspaper. This was trial testimony and, significantly, at my sentencing, Judge Garaufis reached the same conclusion.

The Judge wrote: "Following a six-week jury trial over which I presided, Raniere was convicted of racketeering, racketeering conspiracy, wire fraud conspiracy, forced labor conspiracy, sex trafficking conspiracy, and two counts of sex trafficking. **To be crystal clear, Ms. Bronfman was not convicted of any of those crimes**" The Judge also made clear:" **I agree with Ms. Bronfman that the available evidence does not establish that she was aware of DOS prior to June 2017 or that she directly or knowingly funded DOS or other sex trafficking activities.**"

# U.S. Department of Justice
## Federal Bureau of Prisons

# Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __BRONFMAN, CLARE__   __91010053__   __3S__   __FDC Philadelphia__
     LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

## Part A - REASON FOR APPEAL

I filed a timely Central Office appeal. I appealed the denial of appeal by the Regional Director. Your office received it on 9/15/21. On 10/18/21 I received a rejection (dated 9/27/21) for "formatting reasons." I have been given 15 days from 10/18/21. I am refiling this Central Office appeal timely, and I pray in accordance with BoP's strict formatting rules. I note that I am attaching to this form, in this order, the following: (1) One (and only one) continuation argument page explaining the basis of my appeal as to its merit and why it should be granted in my favor; (2) Four copies of a) my Regional Appeal denial from RD English, the BP10 cover form and my argument to the RD; b) all documents related to my BP-9 appeal to my warden including his denial, the cover form, my argument and related directives; and c) all documents concerning my initial request for an informal resolution. I am including my warden and regional appeal arguments as EXHIBITS and not "continuation pages." PLEASE consider this appeal. It is timely and properly formatted. And most importantly, it has genuine merit and should be granted. Thank you.

__10/25/21__                                    __[signature]__
DATE                                            SIGNATURE OF REQUESTER

## Part B - RESPONSE

RECEIVED
OCT 28 2021
Administrative Remedy Section
Federal Bureau of Prisons

_____                                _____
DATE                                            GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                     CASE NUMBER: __1073720-A3__

## Part C - RECEIPT

                                                CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____                                _____
DATE                                            SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN                                                              BP-231(13)
                                                                     JUNE 2002

```
CLARE BRONFMAN, 91010-053
PHILADELPHIA FDC    UNT: 3 S CADRE    QTR: C03-313L
P.O. BOX 572
PHILADELPHIA, PA 19106
```

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: BRONFMAN, CLARE     91010-053     3S     FDC Philadelphia
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL**

See attached appeal argument.

7/14/21
DATE

[signature]
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____ DATE

ORIGINAL: RETURN TO INMATE

**Part C - RECEIPT**

GENERAL COUNSEL
CASE NUMBER: _____
CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____ DATE     SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN

BP-231(13)
JUNE 2002

<u>**Regional Administrative Appeal**</u>
**Clare Bronfman: Reg. No. 91010-053, 1073720-F1**

I appeal the denial of my BP-11 dated August 16, 2021 (attached). This denial, as well as the Warden's denial before it, are evidently based on a demonstrably false claim that I participated in efforts to "recruit" non-citizens into the country, including a "minor," to become sexual partners with my co-defendant, Keith Raniere. This claim is based on a summative statement in the PSR that continues to be misread, is inconsistent with the trial testimony at Mr. Raniere's trial, and which the presiding judge found to be not accurate. In order to comply with the page limit of this submission, I incorporate by reference my previous filings in this matter. Specifically, below I address the principal allegation that I assisted Jane Does 2, 3, and 4 – all sisters from Mexico – into the country, when Jane Doe 2 was 14, Jane Doe 3 was 20, and Jane Doe 4 was 16, for the purpose of engaging in sexual relations with my co-defendant.

**Jane Doe 2** – The trial transcript shows very clearly that I did not recruit Jane Doe 2 into the country, and I had no knowledge of any sexual relationship with Jane Doe 2 and my co-defendant. The transcript reveals that Jane Doe 2's living arrangement was kept a secret in the NXIVM community and not even the most senior NXIVM people knew anything about it. Furthermore, I did not know about any naked pictures for anyone, let alone a minor. The trial transcript from Mr. Raniere's trial, including testimony by Lauren Salzman, shows that my codefendant ordered everyone with knowledge to keep the existence of what the PSR calls a "sex cult" (i.e., "DOS") and any pictures a secret from me.

**Jane Doe 3** – Jane Doe 3 and I joined NXIVM at about the same time in 2003. She was 20; I was 24. I did not know anything about Jane Doe's 3's immigration status when she first entered the country. At the time, I was a horse show jumper, living in Europe and Florida and competing around the world. The confusion lies in that I did help with her immigration, but <u>in 2016</u> – more than a decade after Jane Doe 3 entered the country, by hiring an attorney. By this time, Jane Doe 3 was the primary care taker for a dying friend. Both Jane Doe 3 and the friend lived with my co-defendant. I had no role, whatsoever, in her initial entry into the country or her relationship with my co-defendant.

**Jane Doe 4** – Jane Doe 4 and I joined NXIVM about the same time; I could not have "recruited" her. Jane Doe 4 herself testified at the co-defendant's trial that I did not know anything about her or her sisters' (Jane Does 2 & 3) immigration status and that I did not assist them getting into the country. Significantly, no other witness in the entire trial testified contrary to this.

Both Jane Doe 4's testimony and Lauren Salzman's testimony provided detailed accounts of how the sisters were brought into the country, and there was not one – not a single – mention of me. Instead, the trial testimony detailed how the sisters' parents and others arranged for their entry into the U.S., mostly before I joined NXIVM and certainly without my knowledge or participation.

Accordingly, the record is clear that I did not "recruit" either Jane Doe 2, 3, or 4 into the country, let alone recruit them, or anyone else, for sex with my co-defendant. I knew nothing about the recruit-for-sex related allegations of my co-defendant until I read it in the newspaper. This was affirmed by trial testimony and, significantly, Judge Garaufis reached the same conclusion at my sentencing.

The Judge wrote: "Following a six-week jury trial over which I presided, Raniere was convicted of racketeering, racketeering conspiracy, wire fraud conspiracy, forced labor conspiracy, sex trafficking conspiracy, and two counts of sex trafficking. **To be crystal clear, Ms. Bronfman was not convicted of any of those crimes**" The Judge also made clear:" **I agree with Ms. Bronfman that the available evidence does not establish that she was aware of DOS prior to June 2017 or that she directly or knowingly funded DOS or other sex trafficking activities.**"