# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLARE BRONFMAN, | : | |
| *Petitioner-Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:22-cv-838 (JAM) |
| | : | |
| TIMETHEA PULLEN, et al., | : | February 10, 2023 |
| *Respondents-Defendants*. | : | |

## OBJECTION TO MOTION

The Bureau of Prison (BOP) objects to Petitioner Clare Bronfman's Motion to Reopen Case, ECF No. 42 (as corrected, ECF No. 43), on procedural grounds; and, construing it as a motion to amend her 28 U.S.C. § 2241 petition for habeas corpus relief, objects to her motion as futile since Petitioner has failed to exhaust her administrative remedies.

As a procedural matter, the Court administratively dismissed the above-captioned matter after Petitioner stipulated that the condition of confinement she challenged in the initial Petition and Amended Petition—BOP's application of a "sex offender" Public Safety Factor (PSF) to Petitioner—was resolved because BOP had removed the PSF. The parties did not enter any settlement agreement on the docket. There are no outstanding legal issues with respect to the initial Petition or Amended Petition. Petitioner's current motion is without purchase in a pending case and should be denied.

Substantively, Petitioner's motion could be construed as a motion to amend her Petition to raise a new litany of complaints regarding the conditions of her confinement, as extensively detailed in her Motion to Reopen. However, the Court should deny the motion because the proposed amendments would be futile; Petitioner failed to exhaust these new grievances through the BOP's administrative remedy process. Petitioner's original and amended habeas petitions fail to allege that she exhausted these complaints; and they do not append any proof that the

complaints were exhausted. And now, her Motion to Reopen also fails to establish that she has properly exhausted.

Therefore, her motion to reopen should be denied; her request to, in effect, amend her petition should be denied; and judgment should enter against her without prejudice.

## **BACKGROUND**

## I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was arrested by federal agents on July 24, 2018, and subsequently charged in a multi-count indictment. Amended Petition ¶ 13, ECF No. 32. On April 19, 2019, Petitioner pled guilty to two charges: Conspiracy to Conceal and Harbor Aliens for Financial Gain; and Fraudulent Use of a Means of Identification. Amended Petition ¶ 13 (citing 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(I)(B)(i), and 18 U.S.C. § 1028(a)(7)). After sentencing, Petitioner entered the custody of the BOP and the Federal Designation and Sentencing Computation Center determined Petitioner's initial custody classification and security designation. *See* ECF No. 1-3 at 1.

On July 5, 2022, Petitioner filed a Section 2241 habeas corpus petition in this Court challenging her initial custody classification with respect to the BOP's application of a "sex offender" Public Safety Factor (PSF) classification. ECF No. 1. Following oral argument on BOP's motion to dismiss, ECF Nos. 18 & 22-1, Petitioner amended her petition to challenge the same PSF on an alternate legal theory. *See* ECF No. 32.

In her initial and amended petitions, Petitioner claimed that she has exhausted her administrative remedies respecting grieving her PSF. Petition ¶¶ 37-46; Am. Pet. ¶¶ 37-46. Respondent did not challenge that Petitioner had exhausted her initial petitions regarding the

PSF. *See* Mem. of Law in Supp. of Response to Show Cause Order & Mot. to Dismiss at 9, ECF No. 22-2.

Before the Court had made any ruling on the merits of the habeas petition, the parties resolved their dispute. Petitioner agreed that, as of November 9, 2022, her BOP classification no longer included the "sex offender" PSF. Stipulation of Dismissal at 1, ECF No. 40. Consequently, on November 16, 2022, the parties agreed to dismiss her petition without prejudice pursuant to Fed. R. Civ. P. 41(a)(ii). *Id.* The parties did not enter any settlement agreement on the docket. The Court approved the stipulation on November 21, 2022. ECF No. 41.[1] Notices from the Court's CM/ECF (electronic case filing) system reflect that the case was administratively closed on November 21, 2022, the same day the Court approved the parties' stipulation of dismissal without prejudice. *See, e.g.*, E-mail from CMECF@ctd.uscourts.gov, Activity in Case 3:22-cv-00838-JAM Bronfman v. Pullen Motion to Reopen Case, Notice of Electronic Filing, Docket No. 42 (Jan. 20, 2023) (on file with the author) ("WARNING: CASE CLOSED on 11/21/2022").

On January 20, 2023, petitioner filed the instant motion. ECF No. 42. She seeks the following relief from the Court:

- issuance of a writ of habeas corpus directing Respondents to remove any references to sex offenses from Petitioner's record;

- to cease any requirement that she participate in the Female Integrated Treatment (FIT) program;

- to restore Petitioner's telephone and email privileges;

---

[1] Appropriately, since the parties stipulated to the dismissal, the Court did not enter judgment. *See* Fed. R. Civ. P. 54(a), 58(b), 79(a)(2)(C). And no party moved for the Court to enter judgment. Fed. R. Civ. P. 58(d).

- to provide Petitioner and her attorneys with a space suitable for legal visits to
  allow Petitioner to both meet with and speak with her attorneys on the telephone;

- and to grant her time credit for early release (absent any ability to show why she
  should not receive it), pursuant to the CARES/First Step Act.

Motion to Reopen at 10. Petitioner's Motion to Reopen does not append any new administrative grievance materials of the sort attached as Exhibits E-F and H to her initial petition. *See* ECF Nos. 1-3, 1-4, 1-6; *see also* Petition ¶¶ 39, 42, 46.

<u>**BACKGROUND LAW AND STANDARD OF REIVEW**</u>

## II.   **Background Law**

### A.   **Effect of Voluntary Dismissal**

Rule 41(a)(1)(ii) provides in pertinent part that "an action may be dismissed by the plaintiff without order of court . . . by filing a stipulation of dismissal signed by all parties who have appeared in the action." Such a stipulation immediately terminates the case and does not require any judicial approval. *See, e.g.*, *Hester Indus., Inc. v. Tyson Foods, Inc.,* 160 F.3d 911, 916 (2d Cir.1998) (citing cases holding that dismissal under Rule 41(a)(1)(ii) is effective automatically and does not require judicial approval); *Reagan v. Fox Navigation, LLC.*, No. 3:02-cv-627 (CFD), 2005 WL 2001177, at *1 (D. Conn. Aug. 17, 2005) (holding that once parties filed a Rule 41(a)(1)(ii) stipulation of dismissal, there was no longer a pending case or controversy into which a non-party could intervene).

A Rule 41(a)(1)(ii) dismissal without prejudice "leaves the situation as if the action never had been filed." *City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002) (quoting Wright & Miller, 9 FED. PRAC. & PROC. CIV. § 2367, Voluntary Dismissal—Effect of Dismissal (2d ed. 1995)); *see also id.* § 2367 at n.12 (4th ed.) (collecting cases). This means that "any

future lawsuit based on the same claim [is] an entirely new lawsuit unrelated to the earlier (dismissed) action." *Sandstrom v. ChemLawn Corp.*, 904 F.2d 83, 86 (1st Cir.1990). "After the filing of a dismissal, the action no longer is pending, and generally no further proceedings in the action are proper." 9 FED. PRAC. & PROC. CIV. § 2367 at n.13 (4th ed.) (collecting cases).

### B.     Habeas Corpus

The Court has jurisdiction under 28 U.S.C. § 2241 to address the execution of a prisoner's sentence. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.") (citing *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997)); *see also Carmona v. BOP*, 243 F.3d 629, 632 (2d Cir. 2001) ("A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction."). Habeas relief may be available when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1).

## III.     Standard of Review

### A.     Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that a party may either amend once as a matter of course within 21 days of service or the earlier of 21 days after service of a required responsive pleading or motion under Rule 12 (b), (e) or (f). Fed. R. Civ. P. 15(a)(1). Once that time has elapsed, a party may move for leave to file an amended complaint. Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." *Id.* The decision to grant leave to amend under Fed. R. Civ. P. 15 is within the discretion of the court, but the court must give some "justifying reason" for denying leave. *Foman v. Davis*, 371 U.S. 178, 182

(1962). Reasons for denying leave to amend include futility of amendment. *See id.*; *see also*

*Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may

be denied when amendment is "unlikely to be productive," such as when an amendment is

"futile" and "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)"

(internal citations omitted)).

### B.     Failure to State a Claim

The "Court reviews a motion to dismiss a habeas petition according to the same

principles as a motion to dismiss a civil complaint under Fed. R. Civ. P. 12(b)(6)." *Spiegelmann*

*v. Erfe*, No. 3:17-cv-2069 (VLB), 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018); *see also*

*Anderson*, 2017 WL 855795, at *5-6 (reviewing motion to dismiss Section 2241 petition

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)).

The Supreme Court's basic plausibility standard requires the petition to "contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).

## <u>ARGUMENT</u>

## IV.     Petitioner's Motion to Reopen is procedurally nonviable.

Petitioner has not shown that her Motion to Reopen in this dismissed case avoids the

general rule prohibiting further proceedings in a dismissed action. *See* 9 Fed. Prac. & Proc.

Civ. § 2367 & n.13. Further proceedings in a dismissed matter may be proper in limited

circumstances, which are not present here. For example, the Court's dismissal of a case pursuant

to Federal Rule of Civil Procedure 41(b) can set out conditions for reopening the matter. *Milner*

*v. Laplante*, No. 3:18-cv-903 (JAM), 2020 WL 127678, at *1 (D. Conn. Jan. 10, 2020) (setting

out such conditions). But this case was administratively dismissed pursuant to Rule 41(a)(1)(ii), not Rule 41(b); and the Court set no conditions on its dismissal that allow it to be "reopened." Neither is there any judgment or order on the docket, from which Petitioner properly could seek relief pursuant to the Federal Rules, *e.g.*, Fed. R. Civ. P. 60(b) ("Relief from a Judgment or Order").

Further proceedings in a dismissed matter may be appropriate if the parties entered a settlement agreement on the docket that properly provides for continued jurisdiction by the Court. The Supreme Court acknowledged such capacity in *Kokkonen v. Guardian Life Insurance Company of America*, in which it explained:

> When [a] dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. **Even when**, as occurred here, **the dismissal is pursuant to Rule 41(a)(1)(ii)** (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) **we think the court is authorized to embody the settlement contract in its dismissal order or**, what has the same effect, **retain jurisdiction over the settlement contract**) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) (emphasis added); *see also Reagan*, 2005 WL 2001177, at *2 (finding parties did not enter their settlement agreement on the docket with their Rule 41(a)(1)(ii) stipulation of dismissal). This rule does not apply because the parties here did not enter a settlement agreement. Moreover, Petitioner has not shown that the parties' stipulation dismissing the case contained any error; she concedes that

"BOP **did remove the sex offender label** from her file." Motion to Reopen at 2 (emphasis added).

Since Petitioner has not shown that her motion avoids the general prohibition on further proceedings in a dismissed matter, it is procedurally invalid and should be denied.

Petitioner's voluntary dismissal does not prohibit her from commencing another action. However, where she has not exhausted her administrative remedies respecting her new grievances, any new action and/or any amendment to her Petition in this action would be futile and subject to dismissal for failure to state a claim upon which relief could be granted.

## V.   Petitioner should not be permitted to amend her Petition because she has failed to exhaust administrative remedies, and such amendment would be futile.

A federal habeas petitioner's obligation to exhaust administrative remedies arises from two separate sources. First, federal courts require that prisoners exhaust administrative remedies before seeking judicial relief pursuant to 28 U.S.C. § 2241. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) (prisoner must exhaust administrative remedies before challenging loss of good time credits); *U.S. ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While 28 U.S.C. Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

Second, the Prison Litigation Reform Act (PLRA) states that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA and its exhaustion regime apply to any "civil action with respect to prison conditions," which the statute broadly defines as "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on

the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison." 18 U.S.C. § 3626(g)(2); *see Jones v. Smith*, 720 F.3d 142, 145 n.3 (2d Cir. 2013) (recognizing application of PLRA to § 2241 petition challenging conditions of confinement); *DiMartino v. Sage*, No. 3:21-cv-498 (KAD), 2022 WL 124308, *3-6 (D. Conn. Jan. 13, 2022) (similar).

The Supreme Court has defined habeas claims "challenging the fact or duration of confinement in prison" to be those whose success would "would necessarily spell speedier release." *Wilkinson v. Dotson*, 544 U.S. 74, 75 (2005). Such claims, often characterized as "the core of habeas corpus," include challenges to the reason for a prisoner's confinement, their conviction or change, the length of their sentence, or a release determination based on good time credits. *See Preiser v. Rodriquez*, 411 U.S. 475, 485-87 (1973).

This Court need not determine whether the PLRA applies to this case because the petitioner has not exhausted in either case. Under either exhaustion regime, or both, prisoners in BOP custody must exhaust their administrative remedies by completing the BOP's four-step Administrative Remedy Program, which involves (1) an attempt at informal resolution; (2) a written remedy request to the warden; (3) an appeal to the regional director; and (4) an appeal to the BOP general counsel's office. *See* 28 C.F.R. Part 542, Subpart B (Administrative Remedy Program); *South v. Licon-Vitale*, No. 3:19-cv-1763 (VLB), 2020 WL 3064320, at *1 (D. Conn. 2020); *Anderson v. Williams*, No. 3:15-cv-1364 (VAB), 2017 WL 855795, at *4 (D. Conn. Mar. 3, 2017).

Attached as Exhibit 1 is a BOP record titled "Administrative Remedy Generalized Retrieval," which documents the Petitioner's formal administrative grievances. It shows prison officials never received any formal grievance from Petitioner, except with respect to her resolved

PSF issue. *See* Exhibit 1; *see also* ECF Nos. 1-3, 1-4, 1-6; Petition ¶¶ 39, 42, 46. Thus, BOP documentation shows that the Petitioner has not exhausted administrative remedies, and the Petition should not be amended because it is futile with respect to the grievances presently raised.

<u>**CONCLUSION**</u>

For the foregoing reasons, Respondent respectfully requests that the Court deny the motion to reopen, and dismiss Petitioner's case without prejudice.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ Natalie N. Elicker*
NATALIE ELICKER (ct28458)
ASSISTANT U.S. ATTORNEY
157 Church Street, 25th Floor
New Haven, CT 06510
T: (203) 821-3700
F: (203) 773-5373
Natalie.Elicker@usdoj.gov